IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 5:11-cv-00104-RLV-DSC

| | |
|---|---|
| JAMES KNOWLAND BEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ANSWER** |
| ) | |
| TIME WARNER, INC., WARNER BROS. ) | |
| ENTERTAINMENT INC., LICENSING ) | |
| CORPORATION OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

COME NOW Defendants Time Warner Inc. (incorrectly named herein as Time Warner, Inc.), Warner Bros. Entertainment Inc. (together with its subsidiaries, and predecessors in interest, "Warner Bros."), and Warner Bros. Consumer Products Inc., a subsidiary of Warner Bros. Entertainment Inc. and successor-in-interest to Licensing Corporation of America (collectively the "Defendants"), and respond to the Complaint as follows:

## FIRST DEFENSE
### Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted, and it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE
### Accord & Satisfaction

The allegations in the Complaint fail to state a claim because the Defendants have fully satisfied the obligations created by the agreement that forms the basis of those allegations.

## THIRD DEFENSE
### Statute of Limitations

The claims alleged are barred by the applicable statute of limitations.

## FOURTH DEFENSE
### No Tort Claims for Breach of Contract

All the tort claims alleged in the Complaint are barred because they purport to recover tort liability for what is actually a breach of contract claim.

## FIFTH DEFENSE
### Laches

The claims alleged in the Complaint are barred by the doctrine of laches.

## SIXTH DEFENSE
### Estoppel

The claims alleged in the Complaint are barred because Plaintiff accepted payment from Defendants for years without objection and Defendants reasonably relied upon Plaintiff's acceptance.

## SEVENTH DEFENSE
### Availability of Remedies at Law

Plaintiff's equitable claims are barred because, even assuming such claims are sufficiently pled, an adequate remedy exists at law, either contract or tort.

## EIGHTH DEFENSE
### No Misrepresentation

All Plaintiff's fraud and misrepresentation claims are barred because Plaintiff alleges no material misrepresentation by Defendants.

## NINTH DEFENSE
### Federal Preemption

The claims are preempted by Section 301 of the federal Labor Management Relations Act ("LMRA") because the allegations implicate the meaning of the Collective Bargaining Agreement, which governs the relationship between the parties.

## TENTH DEFENSE & ANSWER

Responding to the correspondingly numbered paragraphs in the Complaint, the Defendants allege as follows:

### INTRODUCTION

1. It is admitted that there have been sales of *The Dukes of Hazzard* merchandise since 1979, some of which has borne the likeness of Plaintiff. Except as expressly admitted, the allegations in Paragraph 1 are denied.

2. Defendant Warner Bros. admits, however, that it has had an exclusive right to license the use of Plaintiff's likeness on *The Dukes of Hazzard* merchandise. Warner Bros. further admits that there were periods where royalty reports were not regularly made to Plaintiff because nothing was owed for those periods or because it did not have contact information for Plaintiff or both. Except as expressly admitted, the allegations in Paragraph 2 are denied.

3. It is admitted, however, that Plaintiff portrayed Rocso P. Coltrane on *The Dukes of Hazzard* television series. Defendants have no knowledge of Plaintiff's alleged receipt of unverified reports of profits generated from the series, and so the allegations regarding that issue are denied. Except as expressly admitted, the allegations in Paragraph 3 are denied.

### PARTIES

4. Admitted, upon information and belief.

5. It is admitted that Time Warner Inc. is a Delaware corporation with its principal places of business in New York. Except as expressly admitted, the allegations in Paragraph 5 are denied.

6. It is admitted that Warner Bros. Entertainment Inc. is a Delaware corporation and is an indirect wholly owned subsidiary of Time Warner Inc. with its principal place of business in California. The allegation is otherwise denied.

7. It is admitted that Warner Bros. Consumer Products Inc., successor in interest to Licensing Corporation of America, is a wholly owned subsidiary of Warner Bros. Entertainment Inc. Except as expressly admitted, the allegations in Paragraph 7 are denied.

## JURISDICTION AND VENUE

8. Denied.

9. Paragraph 9 contains legal conclusions to which no response is required. It is admitted, however, that Plaintiff claims in excess of $75,000 and that the parties are citizens of different states.

10. Paragraph 10 contains a legal conclusion to which no response is required.

11. Paragraph 11 contains legal conclusions to which no response is required.

12. Paragraph 12 contains legal conclusions to which no response is required.

13. Paragraph 13 contains legal conclusions to which no response is required.

14. Paragraph 14 contains legal conclusions to which no response is required.

## SUMMARY OF ALLEGATIONS

15. It is admitted that *The Dukes of Hazzard* was a television program produced by Warner Bros. that aired on the CBS network from 1979 to 1985. It is further admitted that the series has been watched by tens of millions of viewers. Except as expressly admitted, the allegations in Paragraph 15 are denied.

16. It is admitted that from 1985 to the present, *The Dukes of Hazzard* series has been shown in reruns and viewed by tens of millions of viewers, and that there has been one spinoff series of *The Dukes of Hazzard*, called *Enos*, which ran for one season in 1980-81. Defendants are not presently aware of the number of viewers who viewed *Enos*. Except as expressly admitted, the allegations in Paragraph 16 are denied.

17. It is admitted that Rocso P. Coltrane was one of the characters on *The Dukes of Hazzard* who appeared in many episodes. Except as expressly admitted, the allegations in Paragraph 17 are denied.

18. The allegations in Paragraph 18 are denied, upon information and belief, for lack of knowledge or information sufficient to form an opinion as to the truth of the allegations.

19. It is admitted that Plaintiff signed a contract (the "Series Agreement") subsequently modified (collectively the "Agreements") incident to his role as Rocso P. Coltrane. The specific terms of the Agreements speak for themselves. Except as expressly admitted, the allegations in Paragraph 19 are denied.

20. The Agreements referenced, to the extent they exist, speak for themselves. Except as expressly admitted, the allegations in Paragraph 20 are denied.

21. Denied, except that the June 1, 2011 letter as written speaks for itself.

22. Denied.

23. The terms of the Agreements speak for themselves. Except as expressly admitted, the allegations in Paragraph 23 are denied.

24. Denied.

**FACTUAL BACKGROUND COMMON TO ALL CLAIMS**

25. It is admitted that Warner Bros. produced *The Dukes of Hazzard*, which originally aired on the CBS television network from 1979-1985. It is further admitted that from 1985 to the present, *The Dukes of Hazzard* series has been shown in reruns and viewed by tens of millions of viewers, and that there has been one spinoff series of The *Dukes of Hazzard*, called *Enos*, which ran for one season in 1980-81. Defendants are not presently aware of the number of viewers who viewed *Enos*. Except as expressly admitted, the allegations in Paragraph 25 are denied.

## Series-related Revenue

26. It is admitted that Plaintiff entered into the Agreements with Warner Bros., which included provisions for payment to Plaintiff for certain uses of his name and likeness under the stated terms and conditions of the Agreements. The terms of the Agreements speak for themselves. Except as expressly admitted, the allegations in Paragraph 26 are denied.

27. It is admitted that *The Dukes of Hazzard* merchandise licensed by Warner Bros. includes items referenced in Paragraph 27 and that such merchandise has been produced since 1979. Not all of the referenced categories of merchandise have been authorized and licensed and, upon information and belief, pirated merchandise has been produced and sold illegally by other parties without Defendants' knowledge or approval. Except as expressly admitted, the allegations in Paragraph 27 are denied.

28. Warner Bros. has licensed the production of certain *The Dukes of Hazzard* merchandise by third parties. Otherwise, the allegations in Paragraph 28 are not sufficiently clear or precise to allow admission or denial, and Defendants therefore deny them.

29. The Agreements, to the extent they exist, speak for themselves. Except as expressly admitted, the allegations in Paragraph 29 are denied.

30. The Agreements, to the extent they exist, speak for themselves. It is denied that any agency relationship ever existed between Warner Bros. and Plaintiff. Except as expressly admitted, the allegations in Paragraph 30 are denied.

31. Warner Bros. has provided Plaintiff with periodic reports on his financial interests relating to the Agreements. The Agreements govern the relative rights and responsibilities of the parties, including the provision of information for merchandising and royalties. Except as expressly admitted, the allegations in Paragraph 31 are denied.

32. Denied.

33. It is admitted that Warner Bros. provided quarterly reports and that, on our about April 14, 1987 Warner Bros. sent Plaintiff correspondence relating to the statements for his share of the merchandising and indicating that reportable activity had been minimal, leading Warner Bros. to issue to less frequent (annual) statements thenceforth. Apart from that, the correspondence speaks for itself. Except as expressly admitted, the allegations in Paragraph 33 are denied.

34. For years Plaintiff failed, as required in the Agreements, to provide notice of his changes in address. Consequently, the annual statements of royalties were not therefore always delivered to Plaintiff. Plaintiff was in a uniquely good position to know he was not receiving such statements (certainly he could have made this realization before twenty years elapsed) and could easily have rectified the problem by providing updated contact information. Except as expressly admitted, the allegations in Paragraph 34 are denied.

35. The correspondence referenced in Paragraph 35 speaks for itself. Except as expressly admitted, the allegations in Paragraph 35 are denied.

36. The correspondence referenced speaks for itself. Warner Bros. has sought to maintain and disclose accurate figures to Plaintiff regarding his share of royalties for *The Dukes of Hazzard* program and to correct any inaccuracies or inconsistencies should they occur. Except as expressly admitted, the allegations in Paragraph 36 are denied.

37. The correspondence and documents referenced speak for themselves. Except as expressly admitted, the allegations in Paragraph 37 are denied.

38. Denied.

7

39. The correspondence referenced speaks for itself. Except as expressly admitted, the allegations in Paragraph 39 are denied.

40. The correspondence referenced speaks for itself. Except as expressly admitted, the allegations in Paragraph 40 are denied.

41. The Agreements referenced, to the extent they exist, speak for themselves. Moreover, the contract provision cited by Plaintiff contains no requirement that Warner Bros. periodically update him on the status of royalty payments to other cast members. Except as expressly admitted, the allegations in Paragraph 41 are denied.

42. The correspondence referenced speaks for itself. Except as expressly admitted, the allegations in Paragraph 42 are denied.

43. The correspondence referenced speaks for itself. Although not obliged to do so, Warner Bros. wrote to Plaintiff in order to assist him in understanding the matters about which he inquired. Except as expressly admitted, the allegations in Paragraph 43 are denied.

44. It is admitted that Warner Bros. was granted exclusive rights to market the likenesses of the characters associated with *The Dukes of Hazzard* program, including the character played by the Plaintiff, James Best, as set forth in the Agreements. Except as expressly admitted, the allegations in Paragraph 44 are denied.

45. Denied.

46. The correspondence referenced speaks for itself. Except as expressly admitted, the allegations in Paragraph 46 are denied.

47. The correspondence referenced speaks for itself. Except as expressly admitted, the allegations in Paragraph 47 are denied.

### Spinoff-related Revenue

48. The Agreements, to the extent they exist, speak for themselves. Except as expressly admitted, the allegations in Paragraph 48 are denied.

49. The sole spinoff from *The Dukes of Hazzard* was the *Enos* series, which aired for one season on CBS. Except as expressly admitted, the allegations in Paragraph 49 are denied.

50. Warner Bros. did not fail to provide Plaintiff with information relating to spinoffs. Defendants are not responsible for informing Plaintiff that there is no spinoff revenue to be shared. Warner Bros. has provided Plaintiff with information sufficient to satisfy the terms of the Agreements, except when unable to do so by reason of Best's failure to provide accurate contact information. Except as expressly admitted, the allegations in Paragraph 50 are denied.

51. The correspondence referenced speaks for itself. The only series spinoff among the titles listed above is *Enos*, which ran for one season in 1980-81. Whatever the content of Plaintiff's letter, the relationship between Plaintiff and Warner Bros. is governed by the Agreements, which speak for themselves, and not by Plaintiff's demands. Except as expressly admitted, the allegations in Paragraph 51 are denied.

52. Admitted that Warner Bros. did not produce all the information requested. The obligations of the parties are governed by the Agreements, which speak for themselves. Further, a spinoff is a new series based on a continuing character from the original series. Except as expressly admitted, the allegations in Paragraph 52 are denied.

### Flash-related Revenue

53. Denied.

54. Plaintiff is not entitled to any "such revenue" and therefore the allegation is denied.

## "Trust us"

55. Denied. The allegations in Paragraph 55 refer to unidentified and unverified reports and therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

56. The relationship between the parties is governed by the Agreements and Warner Bros. does not have a fiduciary relationship with the Plaintiff. Warner Bros. provided appropriate information to Plaintiff when requested. Except as expressly admitted, the allegations in Paragraph 56 are denied.

57. Denied.

58. Denied.

59. Denied.

## CLAIM I

### Fraud, Common Law Fraud, Fraud by Concealment & Promissory Fraud

60. Defendants incorporate by reference the responses contained in Paragraphs 1-59 as if expressly re-alleged and set forth herein.

61. The terms of the provisions in the Agreements governing Plaintiff's royalties referenced in Paragraph 61 speak for themselves. Except as expressly admitted, the allegations in Paragraph 61 are denied.

62. The terms of the provisions in Agreements governing Plaintiff's share in spinoff profits speak for themselves. Except as expressly admitted, the allegations in Paragraph 62 are denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied, except it is admitted that Warner Bros. used the United States Postal Service in its communications with Plaintiff. Except as expressly admitted, the allegations in Paragraph 68 are denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## CLAIM II

### Equitable Fraud / Unjust Enrichment

75. Defendants incorporate by reference the responses contained in Paragraphs 1-74 as if expressly re-alleged and set forth herein.

76. Denied.

77. Paragraph 77 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

78. Denied.

## CLAIM III

### Misrepresentation

79. Defendants incorporate by reference the responses contained in Paragraphs 1-78 as if expressly re-alleged and set forth herein.

11

80. Paragraph 80 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

81. Denied.

82. Paragraph 82 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

83. Paragraph 83 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

84. Paragraph 84 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

85. Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

86. Denied.

### CLAIM IV

### Conversion

87. Defendants incorporate by reference the responses contained in Paragraphs 1-86 as if expressly re-alleged and set forth herein.

88. It is admitted, to the extent and as provided in the Agreements, that Warner Bros. held the exclusive rights to Best's name and likeness in connection with *The Dukes of Hazzard* merchandizing and spinoffs. Except as expressly admitted, the remaining allegations in Paragraph 88 are denied.

89. Denied. Warner Bros. did not have an agency relationship with Best. The relationship between Best and Warner Bros. is as set forth in the Agreements, which speak for themselves.

12

90. Denied. Warner Bros. did not have an agency relationship with Best. The relationship between Plaintiff and Warner Bros. is as set forth in the Agreements, which speak for themselves.

91. Denied.

92. Denied.

93. Denied.

## CLAIM V

### Detrimental Reliance

94. Defendants incorporate by reference the responses contained in Paragraphs 1-93 as if expressly re-alleged and set forth herein.

95. Denied. Plaintiff does not identify the representations to which the allegations are intended to refer and therefore Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 95. Defendants deny that Warner Bros. ever intentionally made any false or misleading representation to Plaintiff, or that they intended for Plaintiff to rely on any allegedly false representations.

96. Denied.

97. Denied.

98. Denied.

## CLAIM VI

### Fraudulent Inducement and Breach of Contract

99. Defendants incorporate by reference the responses contained in Paragraphs 1-98 as if expressly re-alleged and set forth herein.

100. The agreements speak for themselves. Except as expressly admitted, the allegations in Paragraph 100 are denied.

13

101. Denied.

102. Denied. Further, Plaintiff breached the terms of the Agreements by failing to keep Warner Bros. informed of his current address.

## CLAIM VII

### Breach of Implied Covenants of Good Faith and Fair Dealing

103. Defendants incorporate by reference the responses contained in Paragraphs 1-102 as if expressly re-alleged and set forth herein.

104. Paragraph 104 contains legal conclusions to which no response is required.

105. Denied.

106. Denied.

## CLAIM VIII

### Breach of Fiduciary Duty

107. Defendants incorporate by reference the responses contained in Paragraphs 1-106 as if expressly re-alleged and set forth herein.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

## CLAIM IX

### Misappropriation of Rights of Publicity

115. Defendants incorporate by reference the responses contained in Paragraphs 1-114 as if expressly re-alleged and set forth herein.

116. Denied.

117. Denied.

## CLAIM X

### Conspiracy, Aiding and Abetting, and Concerted Action

118. Defendants incorporate by reference the responses contained in Paragraphs 1-117 as if expressly re-alleged and set forth herein.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

## CLAIM XI

### Unfair or Deceptive Acts or Practices In or Affecting Commerce

126. Defendants incorporate by reference the responses contained in Paragraphs 1-125 as if expressly re-alleged and set forth herein.

127. Denied.

128. Denied.

# CLAIM XII

## Punitive Damages

129. Defendants incorporate by reference the responses contained in Paragraphs 1-28 as if expressly re-alleged and set forth herein.

130. Denied.

131. Denied.

WHEREFORE, Defendants Time Warner Inc., Warner Bros. Entertainment Inc., and Warner Bros. Consumer Products Inc. pray that:

1. Plaintiff have and recover nothing in this action, Plaintiff's Complaint be dismissed and judgment be entered in favor of Defendants;

2. The costs and expenses of this action be taxed to the Plaintiff;

3. Defendants be awarded their reasonable attorney's fees under N.C. Gen. Stat. § 75-16.1 because the claim for unfair and deceptive trade practices is frivolous and/or malicious.

4. Defendants be granted such other relief as the Court deems just and proper; and

5. A trial by jury be awarded on all issues so triable.

This the 12th day of October, 2011.

/s/ John A. Duberstein
Reid L. Phillips
N. C. State Bar No. 7968
John A. Duberstein
N. C. State Bar No. 36730

*Attorneys for Time Warner, Inc., Warner Bros. Entertainment Inc., Licensing Corporation of America*

OF COUNSEL:

**BROOKS, PIERCE, MCLENDON,
 HUMPHREY & LEONARD, L.L.P.**
Suite 2000 Renaissance Plaza
230 North Elm Street (27401)
Post Office Box 26000
Greensboro, N. C.  27420
Telephone:     336/373-8850
rphillips@brookspierce.com
jduberstein@brookspierce.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>Charles A. Oswald, Esq.
>CEO Law LLC
>Post Office Box 6232
>Hickory NC  28601
>
>*Attorneys for Plaintiff*
>*James Knowland Best*

This the 12th day of October, 2011.

>/s/ John A. Duberstein
>John A. Duberstein