IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 5:11-cv-00104-RLV-DSC

| | |
|---|---|
| JAMES KNOWLAND BEST,<br><br>    Plaintiff,<br><br>v.<br><br>TIME WARNER INC., WARNER BROS. ENTERTAINMENT INC., LICENSING CORPORATION OF AMERICA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  **CONFIDENTIALITY AGREEMENT**<br>)        **AND PROTECTIVE ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

WHEREAS, Plaintiff James K. Best ("Plaintiff") and Defendants Time Warner Inc., Warner Bros. Entertainment Inc., and Warner Bros. Consumer Products Inc. (successor in interest to Licensing Corporation of America) (collectively "Defendants") represent that certain information, documents, and things to be produced in this action may be confidential commercial information and therefore request jointly the entry of an appropriate Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, Plaintiff and Defendants have agreed to the form and content of such an Order as hereinafter set forth;

IT IS HEREBY STIPULATED AND ORDERED that, until this Order is amended or superseded, the parties will follow the procedures set forth below with respect to the use of all produced documents, responses to interrogatories and requests for admissions, deposition transcripts and any other information, documents, objects or things that have been or will be produced by any party ("Producing Party") during proceedings in this action:

1. As used herein, "Confidential" shall mean any information, documents, or things furnished in the course of this litigation by any party that the any party designates as Confidential pursuant to Section 1(a) or (b) below. Material may be designated Confidential if it constitutes, reflects, contains or otherwise discloses (a) material non-public insider information, confidential

and/or commercially sensitive or proprietary information; (b) personnel files; (c) information that a party is under a duty to preserve as confidential under a court or administrative order, by agreement with or obligation to a third person; or (d) other information which the party believes in good faith must be maintained in confidence in order to protect its business or commercial interests.

    (a)    Any documents or things identified as Confidential by the Producing Party shall be designated as such by stamping on the face of the document or thing the word "Confidential."

    (b)    Any documents or things identified as Confidential by a party other than the Producing Party shall be designated as such by letter to counsel for the Producing Party within thirty (30) days after receipt of the documents or things by that party. All parties shall thereafter take reasonable steps to stamp on the face of the document or thing the word "Confidential."

    (c)    Any party shall have twenty (20) days after receipt of a copy of a deposition transcript to designate portions of the testimony as Confidential. Until the twenty-day period has expired, the entire deposition transcript shall be treated as constituting Confidential matter. The transcript of the deposition that contains such Confidential matter shall bear the notation "Confidential Information – Subject to a Protective Order of the United States District Court for the Western District of North Carolina" or shall be otherwise appropriately marked by the parties. Nothing herein shall prevent a party from designating testimony as Confidential during a deposition, and if so designated, the Court Reporter shall be instructed to prepare the transcript of the deposition with the designated testimony marked as "Confidential."

    (d)    Any information, documents or things not designated as Confidential shall not be covered by this Order, <u>provided</u>, <u>however</u>, that inadvertent production of any information, document or thing without identification as Confidential shall not by itself be deemed a waiver of the Producing Party's claim of confidentiality as to such matter, and the Producing Party thereafter may identify the same as Confidential. Disclosure by any party of such matter prior to notice by the Producing Party of the confidential nature thereof shall not be deemed a violation of this Order.

2. As used herein, "Highly Confidential Matter" shall mean any information, documents or things furnished in the course of this litigation by any party that the any party designates as "Highly Confidential" or "Attorneys Eyes Only" pursuant to Section 2(a) or (b) below. Material may be designated "Highly Confidential Matter" if it constitutes, reflects, contains or otherwise discloses (a) proprietary technical information constituting a Party's trade secrets; (b) confidential financial information; or (c) material which contains or discloses information of an extremely high degree of commercial or personal sensitivity or confidentiality, or would provide a competitive disadvantage to a Party (or a competitive advantage to a Party's competitors) if disclosed.

(a) Any documents or things identified as Highly Confidential Matter by the Producing Party shall be designated as such by stamping on the face of the document or thing the words "Highly Confidential" or "Attorneys Eyes Only."

(b) Any documents or things identified as Highly Confidential Matter by a party other than the Producing Party shall be designated as such by letter to counsel for the Producing Party within thirty (30) days after receipt of the documents or things by that party. All parties shall thereafter take reasonable steps to stamp on the face of the document or thing the words "Highly Confidential" or "Attorneys Eyes Only."

(c) Any party shall have twenty (20) days after receipt of a copy of a deposition transcript to designate portions of the testimony as Highly Confidential Matter. Until the twenty-day period has expired, the entire deposition transcript shall be treated as constituting Highly Confidential Matter. The transcript of the deposition that contains such Highly Confidential Matter shall bear the notation "Highly Confidential Information – Attorneys Eyes Only – Subject to a Protective Order of the United States District Court for the Western District of North Carolina" or shall be otherwise appropriately marked by the parties. Nothing herein shall prevent a party from

designating testimony as Highly Confidential Matter during a deposition, and if so designated, the Court Reporter shall be instructed to prepare the transcript of the deposition with the designated testimony marked as "Highly Confidential – Attorneys Eyes Only."

(d) Any information, documents or things not designated as Highly Confidential Matter shall not be covered by this Order, <u>provided</u>, <u>however</u>, that inadvertent production of any information, document or thing without identification as Highly Confidential Matter shall not by itself be deemed a waiver of the Producing Party's claim of confidentiality as to such matter, and the Producing Party thereafter may identify the same as Highly Confidential Matter. Disclosure by any party of such matter prior to notice by the Producing Party of the confidential nature thereof shall not be deemed a violation of this Order.

3. Information, documents or things designated as "Confidential" or "Highly Confidential" shall be referred to collectively as "Restricted Information."

4. All Restricted Information made available to counsel for any party (the "Receiving Party") shall be treated by the Receiving Party (and its counsel) as confidential and for use solely in connection with this litigation and any appeals and not for any other purpose.

(a) Access to Highly Confidential materials shall be restricted to the following, and counsel for the Receiving Party shall not disclose the Highly Confidential Matter to anyone other than the following: (i) attorneys of record in this litigation, attorneys at the same firm assisting in this litigation, and in-house and outside counsel for the Receiving Party, including the secretarial, paralegals, legal assistants and office/support staffs of such attorneys, (ii) the Court and its officers and employees, (iii) court reporters, stenographers and/or videographers at depositions, hearings or other proceedings in this litigation; (iv) third parties retained to assist counsel in copying, imaging and/or coding documents; (v) any person to which all parties to this lawsuit stipulate to in writing

or on the record in court or at a deposition; (vi) any witness at a deposition, hearing or other proceeding in litigation so long as that witnesses was the author of the particular Restricted Information, was otherwise involved in its creation, as a recipient or witness of the particular Restricted Information, or was employed by an entity on whose behalf the Restricted Information was created, transmitted or received at the time of such creation, transmission or reception; (vii) provided that the requirements of subparagraph 4(d) are first met, experts and consultants (not including those employed by or as consultants to any competitor of a party) who are retained by a party in good faith to assist in the prosecution of defense of this action (and necessary employees of those experts and consultants), and (viii) provided that the requirements of subparagraph 4(d) are first met, witnesses or prospective witnesses to whom counsel in good faith believes it necessary to disclose such Restricted Information in order to prosecute or defend this litigation (excluding those persons enumerated above in (i) through (vii)). Collectively, those persons indicated by (i) through (viii) are the "Approved Persons." Approved Persons having access to Highly Confidential Matter shall not disclose such Highly Confidential Matter to any person not bound by this Order.

(b) Access to Confidential material shall be restricted to the following, and counsel for the Receiving Party shall not disclose the Confidential material to anyone other than the following: (i) Approved Persons and (ii) officers and employees of a party, and parties who are individuals, having a commercially reasonable need to know the information. Approved Persons having access to Confidential material shall not disclose such material to any person not bound by this Order.

(c) Under no circumstances except those enumerated in subparagraphs 4(a) and 4(b), shall Restricted Information be disclosed to any other person or entity. Prior to any disclosure, included disclosure permitted by this Order, the Receiving Party (or other party making the disclosure) shall inform such person to whom the disclosure is to be made that the material is

Confidential or Highly Confidential, as appropriate, and that it may not be disclosed, except as provided in this Order.

(d) Prior to any disclosure of Restricted Information to a person identified in Subparagraphs 4(a)(vii) and (viii), counsel for the party disclosing the Restricted Information (i) shall advise counsel for the opposing party of the proposed disclosure (including identification of the person who would receive the Restricted Information) at least five (5) business days in advance of the proposed disclosure of the Restricted Information and (ii) shall advise such person to whom the Restricted Information will be disclosed that the Court has ordered that such Restricted Information shall be kept confidential and may not be disclosed in any form or used for any purpose whatsoever other than as allowed by this Order; and (iii) such person to whom the Restricted Information will be disclosed must first read this Protective Order and sign a copy of the Confidentiality Agreement attached hereto as Appendix A, thereby becoming personally subject to this Protective Order. Notwithstanding anything to the contrary herein, in no event shall such person(s) identified in Subparagraphs 4(a)(vii) and (viii) be permitted to take physical possession of custody of Restricted Information. If any person identified in Subparagraphs 4(a)(vii) and (viii) refuses or fails to execute a copy of the Confidentiality Agreement attached as Appendix A, Restricted Information shall not be disclosed to such person.

(e) Should counsel for a party seeking to disclose Restricted Information be unable, after using his or her best efforts, to secure an executed Confidentiality Agreement from any person(s) identified in Subparagraphs 4(a)(vii) and (viii), such counsel shall not make the disclosure contemplated and may: (i) communicate with counsel for the Producing Party in a good faith effort to resolve the matter informally; and (ii) if the matter cannot be resolved informally, then counsel for the Receiving Party may, with notice to counsel for the Producing Party, apply to the Court for

relief from the requirements of Paragraph 4 with respect to such expert, witness or prospective witness.

(f) A copy of each executed Confidentiality Agreement referred to in subparagraph 4(d) shall be retained in a secure place by counsel for Receiving Party making the disclosure to the applicable third party. If an issue is raised whether any provisions of this Order have been violated based upon articulated concerns, copies of the relevant Confidentiality Agreements shall be produced to the opposing party and submitted to the Court in camera to allow the Court to monitor compliance with this Order. If the Court so orders, counsel for the Receiving Party shall produce to counsel for the Producing Party the original or a copy of the relevant Confidentiality Agreement.

(g) If any party desires to disclose Restricted Information to any person or persons assisting them in this litigation, other than persons identified in subparagraphs 4(a) and 4(b), counsel for that party shall confer with counsel for the Producing Party in a good faith effort to resolve the question whether the Restricted Information may be disclosed for the purpose or purposes sought by the Receiving Party. If, after a good faith meeting, the parties are not able to resolve whether the Restricted Information may be disclosed, the Receiving Party may, at any time, apply to this Court in writing for permission to disclose the Restricted Information and shall state with reasonable particularity the identity of the persons to whom such Restricted Information is to be disclosed, the reason for the desired disclosure, and a description of the Restricted Information that is to be included in such disclosure. The Producing Party shall have ten (10) days following service of such an application -- unless the time for response is otherwise shortened or lengthened by the Court -- to file any objections thereto, in which case no disclosure shall be made until the issue has been resolved by the Court or the parties.

5. To the extent that any brief, memorandum, transcript of testimony or other document submitted to the Court incorporates or refers to any Restricted Information, such brief, memorandum, transcript of testimony or other document, or portion thereof, shall be filed under seal. All materials filed with the Court under seal shall bear the notation "UNDER SEAL" in a prominent and conspicuous location, such as immediately beneath the Case Number or Civil Action Number in the case heading on the face of such materials.

6. To the extent any pretrial disclosure pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure lists or includes any Restricted Information, the disclosure shall note the confidentiality designation.

7. Nothing contained in this Agreement and Order shall:

(a) Limit a Receiving Party's use of documents and information obtained other than through discovery in this action.

(b) Limit the right of the Producing Party to disclose Restricted Information produced by the Producing Party, such disclosure not being subject to the protective procedures set forth in this Order and which shall not result in waiving the claimed confidentiality (except to the extent the disclosure makes the Restricted Information a matter of public record).

(c) Limit, expand or restrict any right of any party to resist or compel discovery with respect to materials that the party may claim to be privileged or otherwise not discoverable in this action, or the right of any party to seek additional protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

(d) Limit or restrict the right of any party to attach to or incorporate the content of any Restricted Information in any paper filed with the Court or to show a deponent at a deposition a

document that has been designated as Restricted Information pursuant to the provisions of this Order, subject to paragraphs 1 through 4 herein.

(e) Limit or restrict a Receiving Party or its counsel from providing Restricted Information in response to a validly issued subpoena, court order, or legal notice in a proceeding other than this lawsuit, except that, to the extent permitted by law, the person(s) receiving such subpoena, order or notice (the "Subpoena Recipient") shall give the Producing Party immediate notice of the required disclosure. Unless within ten (10) days of service of such notice (or by the time for production, if it is less than ten (10) days from notice) the Producing Party applies, with notice to the Subpoena Recipient, for an order of protection from a court or other entity of competent jurisdiction, the Subpoena Recipient shall be free to produce the Restricted Information in response to the subpoena, order or notice. If the Producing Party applies for such protection, the Subpoena Recipient shall not produce the Restricted Information until after the application is ruled upon.

8. At the final conclusion of this litigation, including, without limitation, any and all appeals or re-trials, all materials subject to this Order shall be subject to final disposition by further Order of the Court. In the absence of such an Order, all counsel and every person to whom Restricted Information has been disclosed shall return to counsel for the Producing Party all materials designated as Restricted Information, including any copies, extracts or summaries thereof; except that counsel for the Receiving Party may retain a copy of the Restricted Information (the "Historical Copy"), so long as it continues to agree to and to be bound by this Confidentiality Agreement and Protective Order with respect to the Historical Copy. As to those materials containing or reflecting Restricted Information, but which constitute counsel's work product or other privileged material, counsel shall destroy such work product or other privileged material and all copies thereof, except as provided above concerning the Historical Copy. This Confidentiality Agreement and Protective Order does not require the Receiving Party to return materials that were in its possession prior to the commencement of this lawsuit. In the absence of an additional court

order disposing of the Restricted Information, Producing Party and the Receiving Party may agree on a different procedure for disposing of Restricted Information.

9. Any party shall have the right to challenge any designation of confidentiality by seeking an order of the Court with respect to any information, documents or things designated by the Producing Party as Restricted Information. Any such challenge shall be made no later than the time designated in Rule 26(a)(3) of the Federal Rules of Civil Procedure for objections to the admissibility of materials. Before seeking any relief from the Court under this paragraph, the parties will make a good faith effort to resolve any disputes concerning the confidential treatment of any information.

10. It is understood that this Order applies to all third-party document requests and subpoenas duces tecum. All documents received from such a request shall be treated as Highly Confidential Matter for ten (10) days. Within that ten-day period, any party may notify the Receiving Party that some, or all, of the documents so received are to be treated as Confidential Matter or Highly Confidential Matter. Otherwise, the documents not specifically designated as Restricted Information will be treated as non-confidential. This in no way precludes any party from taking steps to file objections to production by a third party.

11. The identification of any information, documents or things as Restricted Information pursuant to this Order shall not, in and of itself, raise any inference as to the confidentiality or legal status of any information, documents or things marked for identification purposes or introduced in evidence at the trial of this action. Nothing herein, however, shall preclude the Producing Party from seeking confidential treatment from the Court with respect to such information, documents or things or from raising any available objection, including, but not limited to, the admissibility of evidence, materiality, work product or privilege.

12. The production of documents in response to document requests of the parties shall not constitute or cause a waiver of any attorney-client, work product or other privilege or doctrine that may apply to such documents. Any party, however, shall have the right to challenge any assertion of attorney-client privilege or work product protection by seeking an order of the Court

with respect to any information, documents or things designated by the Producing Party as subject to the attorney-client privilege or work product doctrine. Before seeking any relief from the Court under this paragraph, the parties will make a good faith effort to resolve any disputes concerning the treatment of any document, information or thing as to which the attorney-client privilege or work product protection has been asserted.

13. After the termination of this action, this Order shall continue to be binding upon the parties hereto and all persons to whom Restricted Information has been disclosed or communicated.

14. All time periods contained in this Order shall be computed pursuant to Rule 6 of the Federal Rules of Civil Procedure.

15. All parties receiving Restricted Information under this Order may be subject to sanctions for violating this Order.

16. This Order may be modified in the event that the parties agree to a modification of the provisions hereof or such modification is ordered by this Court.

Respectfully submitted this the 5th day of June, 2012.

/s/ John A. Duberstein
Reid L. Phillips
N. C. State Bar No. 7968
John A. Duberstein
N. C. State Bar No. 36730
*Attorneys for Time Warner Inc., Warner Bros. Entertainment Inc., and Warner Bros. Consumer Products Inc.*

OF COUNSEL:

**BROOKS, PIERCE, MCLENDON, HUMPHREY & LEONARD, L.L.P.**
Suite 2000 Renaissance Plaza
230 North Elm Street (27401)
Post Office Box 26000
Greensboro, N. C. 27420

Telephone:   336/373-8850
rphillips@brookspierce.com
jduberstein@brookspierce.com

/s/  Charles A. Oswald
Charles A. Oswald, Esq.
N.C. Bar No. 34139
CEO Law LLC
Post Office Box 6232
Hickory NC  28603
T: 704-780-1774
F: 704-761-6028
charles.oswald@CEOLaw.com

*Attorney for Plaintiff*
*James Knowland Best*

**SO ORDERED**:                                Signed: June 5, 2012

David S. Cayer
United States Magistrate Judge

APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 5:11-cv-00104-RLV-DSC

JAMES KNOWLAND BEST,

    Plaintiff,

v.

TIME WARNER INC., WARNER BROS. ENTERTAINMENT INC., LICENSING CORPORATION OF AMERICA,

    Defendants.

## **CONFIDENTIALITY AGREEMENT**

I acknowledge that I have read and understand the Confidentiality Agreement and Protective Order entered on _____ \_\_\_\_, 2006, and agree to abide by its terms and conditions. I subject myself to the jurisdiction and venue of the United States District Court for the Western District of North Carolina for purposes of enforcement of this Order.

_____
Signature

_____
Address

_____

_____
Telephone