# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:11-cv-00104-RLV-DSC

| | |
|---|---|
| JAMES KNOWLAND BEST, | ) |
| | ) |
|               **Plaintiff,** | ) |
| v. | ) |
| | ) |
| TIME WARNER, INC., WARNER BROS. | ) |
| ENTERTAINMENT INC., LICENSING | ) |
| CORPORATION OF AMERICA, | ) |
| | ) |
|               **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Compel Discovery" (document #21) filed May 3, 2012, and the parties' associated briefs and exhibits. See documents ##21-1 through 21-16, 22, 23, 24 and 27.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and is now ripe for the Court's consideration.

On December 8, 2011, Defendants served their First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission aimed at: (1) determining the factual basis for Plaintiff's allegations in specified paragraphs of his Complaint, including the identification of witnesses, documents and dates; (2) obtaining all discoverable documents pertaining to Plaintiff's claims; and (3) eliminating as many document authentication issues as possible. Defendants assert in their Motion that Plaintiff's response on January 30, 2012 failed to provide the requested information. Plaintiff responded by asserting objections. His interrogatory answers merely referenced his Initial Disclosures and otherwise failed to provide the information requested.

Plaintiff even refused to answer requests for admissions to authenticate the agreements he had signed with Warner Brothers. Those agreements each bear his signature and apparently form the basis for all his claims. See Doc. 22 at 2.

Plaintiff argues that the Motion should be denied because the requested information has already been produced. Defendants acknowledge that since the Motion was filed, Plaintiff has been deposed and has produced additional documents. Plaintiff's wife, Dorothy Best, has also been deposed. Plaintiff has provided some of the information requested. However, Defendants argue that there are still matters in issue.

The Court has carefully examined the record, the parties' arguments and the applicable authorities. The Court finds that while Plaintiff has provided some of the information previously sought, he has not fully and directly responded to each of Defendants' discovery requests. Consequently, the Court will order Plaintiff to fully respond to Defendants' discovery requests. Additionally, because the Court finds that Plaintiff has failed to perform his responsibilities as a litigant in a timely and cooperative manner, the Court will tax the costs and reasonable attorneys' fees associated with this Motion to Plaintiff and his counsel in the amount of $5,000.00. For these and the other reasons cited in Defendants' brief and reply, Defendants' Motion is granted.

**NOW THEREFORE, IT IS ORDERED**:

1. Defendant's "Motion to Compel Discovery" (document #21) is **GRANTED**.

2. Plaintiff is ordered to conform his previous responses to Defendants' Requests for Admission to the admissions which now appear in his Response so that they will be conclusively established for purposes of this litigation, including authenticating Defendants' Exhibits A-E to the Defendants' Requests for Admission.

3. Plaintiff is ordered to supplement his responses to the document production requests and

his answers to interrogatories to include all the requested information now in his possession or control.

4. Plaintiff and his counsel are ordered to pay $5,000 in reasonable costs and attorney's fees associated with this Motion to Defendants.

5. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; <u>and to the Honorable Richard L. Voorhees.</u>

**SO ORDERED**.  Signed: June 11, 2012

David S. Cayer
United States Magistrate Judge